IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                                                                   Civil No. 06-5018

1349 CASTLEVIEW DRIVE,
SPRINGDALE, ARKANSAS,
    Defendant.

## **CONSENT DECREE OF FORFEITURE**

On January 31, 2006, a Verified Complaint of Forfeiture against the defendant real property was filed on behalf of the plaintiff, United States of America  The complaint alleges that the real property was used to commit or facilitate the commission of a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is thereby forfeitable pursuant to 21 U.S.C. § 881(a)(7).

It appearing that process was fully issued in this action and returned according to law;

That pursuant to a Warrant of Arrest issued by the Court, the United States Marshal for this district posted said real property on February 16, 2006.

On February 16, 2006,  Mateo Villasenor and Estela Nunez received personal service by the United States Marshal's Service. No claims or answers  have been filed on their behalf, and they are  hereby in default

On March 24, 2006, Washington Mutual Bank, received service via certified mail by the United States Postal Service.  Washington Mutual Bank filed its Verified Statement of Interest and Answer on April 21, 2006, in which it claims an interest in said real property by virtue of a real estate mortgage.

On March 16, 23, and 30, 2006, notice of forfeiture was published in the <u>Arkansas Democrat Gazette</u>, a newspaper of general circulation in the county in which the real property is located.

The defendant real property, known as 1349 Castleview Drive, Springdale, Arkansas, has the following legal description:

Lot 5 of Castleview Subdivision in Washington County, Arkansas.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED:

(1) That the defendant real property is hereby forfeited to the United States of America to be disposed of according to law.

(2) That pursuant to 28 U.S.C. § 2465, reasonable cause existed for the seizure of the defendant real property.

(3) That the claim of Washington Mutual Bank shall be satisfied from the sale of the defendant property after deducting any and all costs and expenses incurred by the United States Marshals Service.

IT IS SO ORDERED this 16th day of May, 2006.

/s/Jimm Larry Hendren
HONORABLE JIMM LARRY HENDREN
CHIEF U.S. DISTRICT JUDGE

APPROVED:

/s/ David R. Ferguson, Assistant United States
Attorney for Plaintiff, United States of America

/s/ Michael R. Johns, Attorney for Claimant,
Washington Mutual Bank